

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| RUFUS J. ANDERSON,            § | |
|           Petitioner,         § | |
|                               § | |
| vs.                           § | CIVIL ACTION NO. 8:16-03941-MGL |
|                               § | |
| SOUTH CAROLINA PROBATION &    § | |
| PAROLE,                       § | |
|           Respondent.         § | |

### ORDER ADOPTING THE REPORT AND RECOMMENDATION
### AND DISMISSING THE PETITION WITHOUT PREJUDICE
### AND WITHOUT REQUIRING RESPONDENT TO FILE AN ANSWER OR RETURN

This case was filed as a 28 U.S.C. § 2254 action. Petitioner is proceeding pro se. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting the Petition be dismissed without prejudice and without requiring Respondent to file an answer or return. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on February 27, 2017, and the Clerk of Court entered Petitioner's objections to the Report on March 14, 2017. The Court has reviewed the objections, but holds them to be without merit. Therefore, it will enter judgment accordingly.

In Petitioner's objections, he argues his Petition should not be considered second or successive to his prior § 2254 action, *Anderson v. Director of Greenville County Detention Center*, C/A No. 8:15-4916-MGL, 2016 WL 6997345 (D.S.C. Nov. 30, 2016). Petitioner acknowledges the requirement under 28 U.S.C. § 2244(b)(3)(A) that a petitioner seeking to bring a second or successive application under § 2254 must file in the appropriate court of appeals for an order authorizing the district court to consider the application. However, he avers his case falls under the exceptions contained at § 2244(b)(2) and that his case should not be subject to summary dismissal. Petitioner's objections are without merit.

In Petitioner's prior § 2254 action, the Court granted the respondent's motion for summary judgment because the § 2254 petition was time barred and Petitioner had failed to convince the Court he was entitled to equitable tolling. *Anderson*, 2016 WL 6997345 at *1. This decision adjudicated Petitioner's claims on the merits. *See Henderson v. Bazzle*, C/A No. 9:08-978-MBS-GCK, 2008 WL 1908535, at *3 (D.S.C. April 29, 2008) (noting for a petition to qualify as "successive," the prior petition must have been adjudicated on the merits, which includes a prior dismissal of a petition as untimely); *Griffin v. Padula*, 518 F. Supp. 2d 680, 687 (D.S.C. 2007) (holding a petition's dismissal based upon the one-year AEDPA statute of limitations is an adjudication on the merits that results in subsequent § 2254 petitions being designated as successive).

Under the Anti-Terrorism and Effective Death Penalty Act of 1996, "an individual may not file a second or successive § 2254 petition for a writ of habeas corpus or § 2255 motion to vacate sentence without first receiving permission to do so from the appropriate circuit court of appeals." *In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997). "The prospective applicant must file in the court of appeals a motion for leave to file a second or successive habeas application in the district court." *Felker v. Turpin*, 518 U.S. 651, 657 (1996) (citing § 2244(b)(3)(A)). "A three-judge panel has 30 days to determine whether 'the application makes a prima facie showing that the application satisfies the requirements of' § 2244(b)." *Id.* (quoting § 2244(b)(3)(c)).

Petitioner's instant Petition is uncontrovertedly second or successive under § 2244(b), given the fact it was filed after the Court ruled on his first § 2254 action. Therefore, Petitioner was required to obtain leave from the United States Court of Appeals for the Fourth Circuit prior to filing this action. § 2244(b)(3)(A). Inasmuch as Petitioner failed to obtain authorization from the Fourth Circuit before filing this action, this Court lacks jurisdiction to consider his Petition. *See United States v. Winestock*, 340 F.3d 200, 205-06 (4th Cir. 2003). Consequently, the Court will overrule Petitioner's objections.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Petitioner's objections, adopts the Report, and incorporates it herein. Therefore, it is the judgment of this Court the Petition is **DISMISSED WITHOUT PREJUDICE** and without requiring Respondent to file an answer or return.

To the extent Petitioner requests a certificate of appealability from this Court, that certificate is **DENIED**.

**IT IS SO ORDERED**.

Signed this 15th day of March, 2017, in Columbia, South Carolina.

s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE

*****
### NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this Order within thirty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.